No. 5841.

### B. M. JOHNSON vs. BLAKEMORE & Co.

The question in this case is, whether defendants were bound to honor a certain draft drawn upon them by Adams in favor of plaintiff. Defendants had informed plaintiff that Adams was authorized to draw on them against any cotton "which he might ship or control to be shipped them." The evidence shows that the draft now sued on was drawn against cotton shipped by Adams to the defendants. It was therefore completely covered by the defendants' letters authorizing Adams to draw.

It is to be observed also that the draft in question was drawn, as were all the other drafts which are in the record—those drawn in favor of Adams as well as those drawn in favor of other parties—without there being bills of lading attached to any of them. It was therefore drawn in the regular order of business as carried on between the parties, and plaintiff had the right to assume that it would be paid, as other similar drafts had been paid.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* Special jury trial. *Thomas Gilmore &·Sons*, for plaintiff and appellant. *Hays & New, Samuel R. & C. L. Walker*, for defendants and appellees.

MORGAN, J. The defendants addressed to the plaintiff the following letter:

Johnson vs. Blakemore & Co.

"NEW ORLEANS, August 9, 1873.

"Mr. B. M. Johnson, Banker, Shreveport, La.:

"*Dear Sir*—Our friend Mr. N. B. Adams having consented to solicit and control shipments of cotton for us during the coming season, we trust you will extend him such facilities as may lie in your power for the accomplishment of his efforts in this connection. He is as well and favorably known to you as to ourselves, and we doubt not that his business with you will be characterized by the same agreeable intercourse that our previous correspondents in your city have enjoyed with you.

"Very truly yours, etc.,

"BLAKEMORE BROTHERS & CO."

On the twenty-sixth of November of the same year, the plaintiff wrote to the defendants:

"Referring to yours of the ninth August, which implies but does not express a letter of credit to our friend N. B. Adams, please address me a letter stating that his drafts will be honored against shipments, and to what extent."

To this letter the following answer was made:

"NEW ORLEANS, December 10, 1873.

"Mr. B. M. Johnson, Shreveport, La.:

"*Dear Sir*—Your late favor has not had as early care as was due, from having been mislaid.

"In reply, we would say that while we have no regularly-constituted agencies, Mr. Adams is authorized to value against us upon any cotton which he may ship or control to be shipped to us.

"Yours truly,

"BLAKEMORE BROTHERS & CO."

Up to the thirteenth May, 1874, Adams shipped to Blakemore & Co. about 1340 bales cotton, and he drew on them drafts for upward of eighty thousand dollars. Of this sum nearly sixty thousand dollars, in some twenty-eight drafts, were drawn in favor of B. M. Johnson. The balance of the drafts were drawn in favor of various parties. These drafts, except the one in suit, were all paid without objection.

On the thirteenth May, 1874, Adams drew his draft on the defendants in favor of the plaintiff for eighty-six hundred dollars. The draft was protested for non-payment. This suit is brought to recover the amount thereof.

The case was submitted to a special jury of merchants, who found in favor of the defendants.

To the original petition an exception was filed that it disclosed no cause of action. The exception was dismissed. Then plaintiff filed a

supplemental petition, to which, as well as to the original petition, the defendants pleaded the general issue. It is therefore not necessary for us to determine whether the exception to the original petition was or not properly taken.

What we have to decide is whether Adams was authorized by Blakemore & Co. to draw the draft sued on, and whether Blakemore & Co. are bound to pay it under their letters to the plaintiff.

We think they are. The letter of the tenth of December, 1873, from Blakemore & Co. to the plaintiff, is full and complete. The letter of the ninth of August, 1873, was general in its terms and unsatisfactory to the plaintiff. He therefore wrote to the defendants telling them that he wished to be further advised, and requested a letter stating that Adams's drafts would be honored, and to what extent. The reply was that Adams was authorized to draw on them upon any cotton which he might ship or control, which was shipped to them. The evidence satisfies us that the draft now sued on was drawn against cotton shipped by Adams to the defendants. It was therefore completely covered by the defendants' letters authorizing Adams to draw.

It is to be observed also that the draft in question was drawn as were all the other drafts which are in the record, those drawn in favor of Adams as well as those drawn in favor of other parties, without there being bills of lading attached to any of them. It was therefore drawn in the regular order of business as carried on between the parties, and Johnson had a right to assume that it would be paid, as other similar drafts had been paid.

It is therefore ordered, adjudged, and decreed that the verdict of the jury be set aside. And it is further ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of the plaintiff, B. M. Johnson, and against the defendants, W. T. Blakemore, Clifton Dancy, and G. A. Williams, *in solido*, for $8642 20, with legal interest from judicial demand, and costs in both courts.

---

ON APPLICATION FOR REHEARING.

HOWELL, J. In refusing the new trial in this case we think it proper to say that this practically disposes of the rule taken by plaintiff to declare our judgments final and to order the mandate to be delivered, on the ground that the application for rehearing is merely an extension of time to prepare an application; and it is therefore unnecessary to pass on the motions presented therein.

Rehearing refused.